## HORN *v.* STATE.[*]

(Division B. June 8, 1925.)

[104 So. 452. No. 24957.]

APPEAL AND ERROR. *On appeal from decision rendered on agreed statement of facts, appellate court will not pass on any question other than that submitted to court below.*

Where a case has been tried in the court below on an agreed statement of facts, in which it is stipulated that "the only question now before the court is the question of the validity of the new search warrant law passed by the legislature in 1924," and such decision is rendered in the court below on the agreed statement of facts, this court will not pass upon any question other than that submitted to the court below for its decision.

[*]Headnote 1. Criminal Law, 17 C. J., section 3541 (1926 Anno.); Intoxicating Liquor, 33 C. J., section 559.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

R. V. Horn was convicted of illegal possession of intoxicating liquor, and he appeals. Affirmed.

*I. L. Sheffield,* for appellant.

The law is well settled in Mississippi on the question of searching the premises of any one without a search warrant and until the passage of chapter 244 of the Acts of the legislature of 1924, there was no authority, real or apparent, in an officer to search the property or person of any one without a search warrant describing with certainty the thing to be searched or seized, and this warrant should not be issued except when based upon probable cause and supported by oath or affirmation of a creditable party. But the court in the case at bar refused to hold an act of the legislature unconstitutional, the question being presented for the first time. So as it

reads section 2 of chapter 244 of acts of legislature 1924, attempts to give an officer power to seize or search person or property anywhere and at any time regardless of search warrant or anything else. It is my opinion that sections 2 and 3 in the said chapter are obviously unconstitutional, number two attempting to give the authority to make the search and number three attempting to make admissible and competent evidence thus obtained. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377.

To search the property of another without a warrant in due form, and without the permission of the party, is violative of section 23 and also of that part of section 26, of the state Constitution, which declares that no one shall be compelled to give evidence against himself.

There is nothing in the record of this case showing or intimating, that the officer, Webb, who made the search, had reason to believe, or that he did believe, that the defendant was engaged in a violation of the prohibition laws of the state of Mississippi, nor is there anything to indicate that this was a reasonable search as was contemplated in the act. The fact is that this search and seizure, so far as the record in this goes, was as unreasonable as a search and seizure could be, the very kind condemned by the Constitution; and furthermore it amounted in the end to forcing the defendant to give evidence against himself. The defendant at the time was not engaged in an unlawful act that could be seen, and the officer had no warrant either for his arrest or for the seizure or searching of himself or his car. The car was in his possession and he was lawfully in the same on the streets of Tupelo when with no apparent cause whatever and with no authority whatever, his car was forcibly searched, and in the latter hidden from view the officer found the half gallon of whiskey. According to the doctrine announced in *Amos* v. *U. S.,* 255 U. S. R. 313, 41 Sup. Ct. 266, 65 L. Ed. 654, which case is directly in point, this defendant was forced to give evidence against himself, contrary to our constitution. Section 26.

Along the same line is the case of *Gouled* v. *U. S.*, 255 U. S. 298, 41 Sup. Ct. 261, 65 Ed. 647. Other authorities directly in line are many decisions of this court of recent date, among them being: *Falkner* v. *State*, 98 So. 691, *State* v. *Patterson*, 95 So. 96, 130 Miss. 580.

*F. S. Harmon,* Special Assistant Attorney-General, for the state.

This cause comes up on an agreed statement of facts, submitted to the trial judge in the circuit court of Lee county, said agreed statement being to the effect that the car of this appellant in which one-half gallon of whiskey was secreted was searched by Archie Webb, bailiff, while said car was parked on a street in the city of Tupelo, and said liquor was seized by Mr. Webb who acted without a warrant and over the protests of the defendant.

The agreed statement of facts contains nothing showing that the officer acted on information sufficient to show the existence of probable cause, and the question is here badly presented as to whether or not the testimony of the officer as to the search of the car and the seizure of the liquor was properly admissible in evidence. The trial judge ruled that this evidence was admissible and the appeal presents this sole question for determination.

The state of Mississippi has destroyed all property rights in liquor. The state has commanded the sheriff and other lawful officers to seize this liquor without the formal order of any court. The same state which licenses automobiles to be operated over its streets and highways had declared that when such automobiles which operate only by license, are used for the transportation or concealment of contraband liquor, such automobiles are themselves forfeited to the state. Surely in the light of the whole policy of the state and Federal government; in the light of the present attitude of our people; in the light of the incorporation of the Eighteenth Amendment into the Federal Constitution the doctrine of forfeiture which has come down through cen-

turies and has been announced in the broadest terms for a century by the supreme court of the United States should receive, at least the same respect, attention and deference today that it received nearly a century ago when the policy of the state and Nation toward the liquor traffic was so very different.

The truth of the business is, as Judge SYKES pointed out in *Owens* v. *State* (1923), 133 Miss. 774, that this automobile as soon as this liquor was stored in it was no longer "the subject of ownership but a subject of crime." The state insists, therefore that its officer had a right to seize this automobile since the right of property in the automobile became vested in the state as soon as appellant secreted this liquor in it. Bailiff Webb, therefore, was simply obeying the plain affirmative command which section 5, chapter 189, Laws of 1918, enjoined upon him when he acted as he did in this case.

Nor does it make any difference that Mr. Webb did not know the liquor was concealed there when he made the search. If the liquor was not there, then the car was not forfeited and the search was a flagrant violation of the private rights of this appellant, but since liquor was found, this appellant had no private rights to be violated, since the supreme court of the United States has said repeatedly that all the appellant's right of property in this car became forfeited the instant he put the concealed article in it. When, therefore, the officer stepped upon the running board of this automobile he did not trespass upon any "property" of this appellant, and there is, therefore, no violation of private rights respecting which this appellant can complain.

Argued orally by *Francis Harmon,* Special Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

This case involved a prosecution for having in possession more than one quart of intoxicating liquor, said

liquor being discovered by means of a search. The case was tried on an agreed statement of facts, in which it is agreed that on May 24, 1924, the defendant was in a car, on a public highway, in the third district for the election of justices of the peace of Lee county, Miss., and had in his possession one-half gallon of whisky. His car was searched by Archie Webb, a constable, and the liquor found in the car belonged to the defendant. It was further agreed that the constable had no search warrant, and that defendant refused permission to search said car, and that the search was made over the protest of the defendant; that defendant was duly and legally tried in the justice court, found guilty, sentenced, and appeal properly taken to the circuit court, "and the only question now before the court is the question of the validity of the new search warrant law passed by the legislature in 1924." The case was submitted to the trial judge without a jury, and the defendant convicted and sentenced to pay a fine of two hundred dollars and to serve sixty days in jail. The case was submitted to the court on the sole issue of the validity of chapter 244, Laws of 1924, authorizing a search of automobiles and other vehicles on the public highways without a search warrant on certain conditions, and was upheld by a majority of the court in *Donovan Moore* v. *State,* 103 So. 483. Consequently the judgment of the court below must be affirmed, regardless of the views of the dissenting judges.

The validity of section 3, chapter 244, Laws of 1924, in reference to the admissibility of evidence secured by the wrongful seizure, does not arise in this case.

*Affirmed.*